EARL RAY HACKETT *v.* STATE OF INDIANA.

[No. 1175S315. Filed March 18, 1977.]

*Affirmed.*

*John H. McKenna,* of Gary, for appellant.

*Theodore L. Sendak,* Attorney General, *Elmer Lloyd Whitmer,* Deputy Attorney General, for appellee.

HUNTER, J.—Earl Ray Hackett, the defendant, was charged with two counts of murder in the first degree. After a trial by jury he was convicted on both counts.[1] He now appeals these convictions raising the following issues:

1. The sufficiency of the evidence to support the jury's verdict as to identification;
2. The propriety of the trial judge's refusal of defendant's tendered instruction on eye witness identification;

[1] Ind. Code § 35-13-4-1 (Burns 1975).

3. Whether a comment made by the prosecutor was prejudicial error; and

4. Whether defendant's right to a public trial was infringed.

The facts and evidence advanced at trial were as follows. Berry Thompson, Ella Jones and David Jelks were in Jack's Open Air Market watching television on the afternoon of December 24, 1974. At approximately 3:00 p.m. the defendant entered and attempted to sell whiskey to Ella Jones, the manager of the market. After her refusal, he turned and produced a revolver, demanding money. Ella Jones denied having any money and the defendant directed all three persons to the back of the room, making them lie on the floor. The defendant then shot Jelks and Thompson. Jelks died as the result of a gunshot wound to the head. The defendant took Ella Jones to the front of the store and shot her there. She died as a result of a gunshot wound to the head. The defendant rummaged through the store and left taking money with him.

### I.

The defendant contends that the evidence is insufficient to support the jury verdicts as to the element of identification. He states that substantial evidence was presented to show that defendant was not at the scene of the crimes when they were committed. He also states that the testimony of Berry Thompson, an eye witness victim, was substantially weakened by prior inability to testify, by prior inconsistent identification and by discrepancies between previous descriptions and the defendant.

When reviewing a claim of sufficiency of the evidence, only that evidence most favorable to the state and the reasonable inferences to be drawn therefrom will be considered on appeal. *Daniels* v. *State*, (1976) 264 Ind. 490, 346 N.E.2d 566. This Court does not weigh the evidence nor determine the credibility of the witnesses. It is the function of the jury to weigh the evidence and determine what,

if any, reasonable inferences may be drawn from that evidence and whether such evidence excludes every reasonable hypothesis of innocence. *Gaddis* v. *State,* (1969) 253 Ind. 73, 251 N.E.2d 658. On review we are limited to determining whether there was sufficient evidence of probative value from which a jury could have determined that the defendant was guilty beyond a reasonable doubt. *Gaddis, supra.*

Here, the evidence of identification was sufficient to support the jury verdicts on the issue of identification. An eye witness and victim of the crime positively identified the defendant in court. Previous descriptions of the perpetrator were similar to descriptions given of the defendant shortly after the crime. For example, both the defendant and the perpetrator were wearing parka coats on the day of the crime and both were said to have mustaches on that day. In addition, one witness saw the defendant with a gun and a bag of money approximately at the time and in the area of the crime. The defendant told her that "he made them lay down on the floor" and "shot them in the head." The eye witness's in-court identification was further supported by a previous photograph and lineup identification. The record reflects no major discrepancies between the witness's prior descriptions and the defendant. The fact that the witness made identifications of other photographs as looking like the man was available to the jury and could be weighed by them. It does not render the identification testimony insufficient as a matter of law.

## II.

The defendant contends it was error for the trial judge to refuse his tendered instruction on identification testimony.

First, the state contends that an oral statement of objection is inadequate to preserve any error for appeal. The rules of criminal procedure provide for the making of oral objections to the trial court's actions with respect to instructions. Ind. R. Crim. P. 8 (B), (C). The defendant's objection preserved this issue for appeal.

The purpose of instructions is to inform the jury of the law applicable to the facts in order for the jury to reach a just and fair verdict in their deliberations. The giving ■■■ of instructions lies largely within the discretion of the trial court. It is not error to refuse a requested instruction whose substance is adequately covered by other instructions which are given. *Bricker* v. *State,* (1976) 264 Ind. 186, 341 N.E.2d 502. Instructions which deal with the credibility of witnesses should generally not be so worded as to single out the testimony of any specific witness, but should apply equally to all witnesses. *McDonough* v. *State,* (1961) 242 Ind. 376, 175 N.E.2d 418.

In this case the defendant tendered an instruction on identification patterned after an instruction in *U.S.* v. *Barber,* (3d Cir. 1971) 442 F.2d 517, which exhorted the jury to ■ receive eye witness identification testimony with caution, and instructed them to note the witness's opportunity to observe, his certainty, any prior inconsistent identifications and any discrepancies between his prior descriptions and the accused. This instruction was refused. Instructions were given on the burden of proof and on the credibility of witnesses generally. The second of these instructions told the jury to remark on a witness's opportunity to observe, the probability of his statements and to consider any factor in evidence which might affect his testimony. This was sufficient to advise the jury as to the credibility of witnesses. The requested instruction would tend to signal special attention upon the testimony of a single eye witness. All witnesses are subject to the same scrutiny and each witness's credibility should be equally examined. We decline to mandate an identification instruction as argued by the defendant.

## III.

During the examination of a state witness, defense counsel objected to a question asked by the prosecution. After the prosecutor withdrew the question, defense counsel asked for

a recess. At this point the prosecutor commented, "I think Mr. Katz [defense counsel] enjoys interrupting my examination." Defense counsel sought an admonishment and a mistrial. The prosecutor was admonished to make any comments he had to the bench and the motion was overruled.

All attorneys should act in a manner reflecting the integrity and dignity of the legal profession at all times, as officers of the court should. They should be temperate and dignified in their conduct. But for a prosecutor's conduct to be grounds for reversal, it must be so inflammatory or so prejudicial in its persuasive effect as to have placed the defendant in grave peril. *Maldonado* v. *State,* (1976) 265 Ind. 492, 355 N.E.2d 843. We do not feel this comment significantly prejudiced the defendant in this case.

## IV.

When the state's rebuttal witness was called, the trial judge ordered all persons from the courtroom other than the parties, the jury and court personnel. The defendant objected and now appeals contending that a closed proceeding violates his right to a public trial.

The Indiana Constitution provides for a public trial in all criminal prosecutions. Ind. Const. Art. 1, § 13. The federal counterpart is found in the sixth amendment. *Marshall* v. *State,* (1970) 254 Ind. 156, 258 N.E.2d 628. The right to a public trial has long been regarded as a fundamental right of the accused. Justice Black attributed this "Anglo-American distrust for secret trials" to the possibilities for abuse manifested in despotic religious and political persecutions such as the Star Chamber and the Spanish Inquisition. *Re Oliver,* (1948) 333 U.S. 257, 68 S.Ct 499, 92 L.Ed. 682. The purpose of a public trial is to guarantee that an accused be not unjustly condemned and that he receive a fair trial. *Estes* v. *Texas,* (1965) 381 U.S. 532, 85 S.Ct. 1628, 14 L.Ed.2d 543; *Edmonds* v. *State,* (1966) 247 Ind. 332, 215 N.E.2d 547.

The right to a public trial is not unlimited, however, being circumscribed by other interests of the administration of justice. It is a violation of due process to televise a criminal trial. *Estes* v. *Texas, supra.* Many courts have upheld constitutional and statutory provisions excluding the public from the trial of sex offenses, in the interest of public morality. *Douglas* v. *State,* (1976) Fla., 328 So.2d 18; Annot. 39 A.L.R.3d 852 (1971). Some courts have held it proper to exclude the public during testimony of undercover agents in narcotics trials. *People* v. *Hinton,* (1972) 31 N.Y.2d 71, 286 N.E.2d 265. A trial court also has inherent power to limit spectators in order to relieve overcrowding, to protect the order and decorum of the courtroom and to protect the rights of parties and witnesses, including the prosecuting witness. *People* v. *Jelke,* (1954) 308 N.Y. 56, 123 N.E.2d 769; Annot. 48 A.L.R.2d 1436 (1956). It seems that limited restrictions on the right to a public trial are within the trial court's discretion where they are related to a legitimate purpose furthering the integrity of the judicial process, so long as there is a sufficient record supporting the judge's exercise of that discretion. *U.S.* v. *Eisner,* (6th Cir. 1976) 533 F.2d 987; *Edmonds, supra.*

In this case the public was excluded during the testimony of a single witness. She was a surprise witness and, consequently, defense counsel was permitted to depose her in the courtroom, prior to receiving her testimony before the jury. On numerous occasions during this deposition, the witness hesitated to respond to questions, because of an expressed fear of defendant's relatives and friends. On at least one of these occasions she virtually refused to answer. After completion of this deposition, the trial judge on his own motion excluded spectators.

Under these circumstances we believe the defendant's right to a public trial was not violated. The ultimate and solemn purpose of the judicial system is to determine the truth of the state's accusation. The trial judge's order was limited to a single witness's testimony. The record adequately supports

the judge's decision to clear the courtroom in order to assuage the witness's fears and receive her testimony.

For all the stated reasons the judgment of the trial court should be affirmed.

Judgment affirmed.

Givan, C.J., DeBruler and Prentice, JJ., concur; Arterburn, J., not participating.

NOTE.—Reported at 360 N.E.2d 1000.