Kenneth WASHBURN, Appellant
(Defendant below),

v.

STATE of Indiana, Appellee
(Plaintiff below).

No. 185S31.

Supreme Court of Indiana.

Nov. 7, 1986.

Pearce & Howard, Michael A. Howard, Noblesville, for appellant.

Linley E. Pearson, Atty. Gen., Cheryl L. Greiner, Deputy Atty. Gen., Indianapolis, for appellee.

PIVARNIK, Justice.

Defendant-Appellant Kenneth Washburn was convicted at the conclusion of a jury trial in the Hamilton Superior Court of rape, a class A felony, and criminal deviate conduct, a class B felony. He was sen-

tenced to forty (40) years for rape and twenty (20) years for deviate conduct, to be served concurrently. The following issues are raised on direct appeal:

1. failure to give Appellant's tendered jury instruction and giving the State's tendered instructions;

2. denial of Appellant's Motion *in Limine;* and

3. refusal to admit a video tape of Appellant's interrogation.

M.M. was approached by Appellant while walking in her neighborhood. The two became acquainted as they went to visit friends of Appellant, where they all drank beer and wine, and smoked marijuana. While Appellant and M.M. made their second trip to the liquor store, Appellant forced M.M. to the ground and compelled her to have sexual intercourse and oral sex with him while he choked her and held a knife to her throat. After about two hours, Appellant allowed M.M. to dress, but he held her waist and guided her to his apartment. She convinced him to wait until morning for further sexual relations. The next morning, against M.M.'s protests, they had sexual intercourse. Appellant allowed M.M. to leave, and she went home, notified her parents and the police, and gave a statement. At trial, Appellant did not deny the sexual relations, but argued they were consensual.

## I

At trial, M.M. testified regarding bruises which appeared on her body two days after the rape, and also that she and Appellant had made a trip to a liquor store and returned to Appellant's friend's apartment prior to the rape. M.M. had not mentioned these facts to the police at any previous meetings. Appellant sought to have the jury instructed as follows:

"The credibility of a witness may be attacked by introducing evidence that on some former occasion the witness (made a statement) (made a written statement) (in former testimony testified) (acted in a manner) inconsistent with his testimony in this case. It is inconsistent if the witness denied making the prior statement or if the witness could not remember making the prior statement. Evidence of this kind may be considered by you in deciding the weight to be given to the testimony of that witness as well as substantial evidence of the guilt of the defendant."

The grant or refusal of jury instructions is a duty which the trial court must carry out with discretion. If all of the instructions together state the law correctly and fully, they are not erroneous and will not be the basis of reversing the verdict. *Correll v. State* (1985), Ind., 486 N.E.2d 497, 499. The trial court may properly refuse to give an instruction that does not correctly state the law, is not supported by the evidence, or is covered by other instructions. *Van Orden v. State* (1984), Ind., 469 N.E.2d 1153, 1161, U.S. *cert. denied* (1985), 471 U.S. 1104, 105 S.Ct. 2335, 85 L.Ed.2d 851.

Here, Appellant has not shown that M.M. made any prior inconsistent statement, that she denied making a prior statement, or that she did not recall making a prior statement. Yet these are the circumstances contemplated in the tendered instruction. At most, Appellant has shown that at trial, M.M. testified to two relatively insignificant facts which she had not mentioned previously to the police. Furthermore, the jury was instructed as to their role of judging the credibility of witnesses, including how to consider a witness' interest, bias, or prejudice.

State's Tendered Final Instruction No. 2 was:

"Ladies and gentlemen of the jury, you may convict the defendant solely on the uncorroborated testimony of the prosecuting witness, provided her testimony convinces you of the defendant's guilt beyond a reasonable doubt."

State's Tendered Final Instruction No. 3 was:

"Ladies and gentlemen of the jury, I further instruct you that there is no re-

quirement that a rape victim scream or physically resist when by such an act she may very well anger or frustrate the assailant and thereby endanger her physical well being."

Appellant contends the trial court erred in giving these instructions because they were redundant, and overemphasized particular phases of the case. The court's Final Instruction No. 18, which Appellant likens to Instruction No. 2, dealt generally with the credibility of the witnesses, and the jury's role in judging such. It does not touch on the concept of Instruction No. 2, that the uncorroborated testimony of the victim, by itself, is sufficient to sustain a conviction. Appellant maintains Instruction No. 3 is unduly repetitive of other instructions defining the elements of the crimes charged, as well as the terms "deadly force" and "threat." Instruction No. 3, however, advises the jury regarding the victim's reaction, that she need not scream or resist if to do so would further endanger her. This instruction conveys new information to the jury not covered by any other instruction. The mere fact that final instructions may, to some extent, be repetitious or cumulative of other instructions does not render them improper unless there is a showing of undue emphasis of a particular point or an argumentative presentation of applicable rules of law. *Golden v. State* (1985), Ind., 485 N.E.2d 51, 53.

## II

■ Appellant filed a Motion *in Limine* regarding prosecution and subsequent acquittal of him for two prior rapes. The court granted the motion for the State's case-in-chief, indicating it would reserve judgment for the remainder of trial. Subsequently, the motion was continued, "in full force and effect through the remainder of trial," unless "something further" were to be presented to the court. Appellant did not take the stand, and no evidence of the prior acts was ever presented. Appellant argues the ruling had a chilling effect and

placed him in a perilous position of deciding whether or not to take the stand.

Recently, we addressed this exact issue in *Boyd v. State* (1986), Ind., 494 N.E.2d 284, 303, *reh. denied* (1986). We held:

"We see no merit in Defendant's contentions on this issue. He was left in exactly the same position he would have been had the court granted the motions *in limine.* An *in limine* order is merely a temporary order to suspend or prevent the imposition of a subject into evidence without first having the court review the proposed subject outside the presence of the jury. [Citation omitted]. If the court had granted the motion *in limine* when asked for, it would have delayed a ruling on the subject until the occasion arose for the offering of such evidence. The granting of a motion *in limine* does not conclusively rule that evidence will not be permitted. [Citation omitted]. Defendant was left in the same circumstances to make his tactical decision as to his taking the stand as he would have been had the court granted his motion *in limine.*

We have long held a challenge to a court's ruling on a motion *in limine* presents nothing for review, but it must be based on the trial court's exclusion of evidence offered at trial. *Shaw v. State* (1986), Ind., 489 N.E.2d 952, 954. In light of *Boyd* and *Shaw,* we find no error.

## III

Appellant contends the trial court erred in not allowing him to introduce a video tape of a police interrogation of him and the written transcript thereof. During the testimony of Defense Witness Nancy McNeil, the court sustained the State's objection to her testimony regarding a telephone conversation with Appellant. Appellant made an offer to prove outside the presence of the jury, during which he also maintained that the video tape of his interrogation by the police should be admissible. Appellant did not take the stand. The

State filed a motion *in limine* to prevent introduction of the video tape. The trial court granted the motion *in limine*, explaining that the statement of Appellant contained in the video tape was hearsay. In the statement, Appellant admitted having sexual relations with M.M., but maintained they were consensual. Appellant concedes the statement is hearsay, but argues it is inherently reliable because it is a statement against his interest. He further argues that if the State wished to introduce his statement, it would be admitted; therefore, he should be allowed to introduce it.

▉ Whenever a defendant makes a pretrial statement and foregoes testifying, that statement is hearsay. It is a statement made out of court, being offered to show the truth of the matters asserted therein, resting for its value on the out of court declarant. *Salahuddin v. State* (1986), Ind., 492 N.E.2d 292, 294. Where the defendant makes an admission against his interest in that statement, however, we allow its introduction because its inculpatory nature makes the statement inherently reliable. That is, a person would have little reason to fabricate a statement which would incriminate him. On the other hand, where the statement is not incriminating, it loses that quality of inherent reliability. There are reasons to fabricate an exculpatory statement. Here, the statement produced at the interrogation was not a statement against Appellant's interest. In fact, the statement had the quality of being self-serving and not subject to cross-examination. *Marts v. State* (1982), Ind., 432 N.E.2d 18, 24; *Cain v. State* (1973), 261 Ind. 41, 45, 300 N.E.2d 89, 92, *reh. denied* (1973). In that statement he maintained all that happened was consensual. His statement was hearsay and carried no indicia of being inherently reliable.

The trial court is affirmed.

GIVAN, C.J., and DeBRULER, SHEPARD and DICKSON, JJ., concur.