**Michael E. LEE, Appellant (Defendant Below),**

v.

**STATE of Indiana, Appellee (Plaintiff Below).**

No. 82S00–8611–CR–985.

Supreme Court of Indiana.

Feb. 18, 1988.

David M. Shaw, Mitchell, Staser & Shaw, Evansville, for appellant.

Linley E. Pearson, Atty. Gen., Gary Damon Secrest, Deputy Atty. Gen., Indianapolis, for appellee.

SHEPARD, Chief Justice.

Appellant Michael E. Lee was tried before a jury and convicted of two counts of forgery, a class C felony, Ind.Code § 35–43–5–2 (Burns 1985 Repl.). The jury also determined that he was an habitual offender, Ind.Code § 35–50–2–8 (Burns 1985 Repl.). The trial judge sentenced Lee to thirty-two years imprisonment.

On direct appeal, Lee raises three issues:

1) Whether the trial court erred in admitting an impermissibly suggestive photographic line-up;

2) Whether the trial court erred in admitting improperly certified habitual offender documents, and

3) Whether the trial court erred in allowing a witness to identify Lee as the person convicted of a prior felony when the identification was assisted by a photograph not in evidence.

The evidence at trial showed that Lee twice attempted to cash stolen and forged checks at two Evansville grocery stores. Clerks from both stores identified Lee from a photographic line-up and later in court as the person who attempted to cash the checks.

### I. Photographic Array

Before trial, Lee moved to suppress the witnesses' identification, arguing that it was based on an unduly suggestive array of photographs. The trial court denied the motion. Both witnesses identified Lee in court and testified about their earlier identification of his photograph without objection. When the State offered the array of photographs, Lee objected based on his earlier motion to suppress. The objection was overruled and the photographs were admitted.

■ The State correctly argues that Lee has waived any error in his identification. Two witnesses identified Lee as the perpetrator without objection. By failing to object to that in-court identification and the testimony about the photographic line-up, Lee afforded the trial judge no opportunity to reconsider his ruling on the motion to suppress. The later admission of the photographic array was merely cumulative.

■ In any event, an objection would have been unavailing. "A photographic array is impermissibly suggestive when it raises a substantial likelihood of misidentification given the totality of the circumstances." *Dumbsky v. State* (1987), Ind., 508 N.E.2d 1274, 1277. This line-up consists of photographs of seven black males, all of similar age and general appearance. Lee points to the fact that the subjects of

the other photographs are more slightly built than he. Given that Lee stands six feet three inches and weighs 272 pounds, the Evansville Police Department would find it a difficult task to assemble subjects any more similar in appearance than the ones contained in this array. Additionally, the photographs depict only the head and shoulders of the subjects. From this view, the differences in height and weight are not obvious.

Lee also argues that the contrast in tone makes his picture appear darker than the others, rendering the array impermissibly suggestive. Each photograph in the array varies slightly in tone from the others; we cannot say that this variance was conducive to a misidentification.

Finally, Lee contends that his darker complexion draws undue attention to his picture. It is true·that some of the photographs depict individuals with lighter complexions. As a practical matter, a photographic array cannot contain photographs of individuals identical in appearance. This line-up contains photographs of individuals meeting the same general description. It is not impermissibly suggestive and conducive to a mistaken identification.

■ For the first time, appellant argues in his brief that the trial court improperly admitted the array because the photographs were obviously mug shots and the jury could infer from them his prior criminal history. While this allegation is also waived because Lee did not object at trial on this basis, such an objection would have been unsuccessful. Though the pictures do depict the traditional frontal and profile views common to mug shots, the State sought to minimize this effect. The identification information was covered with tape and the background of the photographs does not indicate that the individuals were incarcerated. *See Ashley v. State* (1986), Ind., 493 N.E.2d 768. The court properly admitted the photographs.

## II. Habitual Offender Documents

■ To prove that Lee was an habitual offender, the State offered exhibits L–1 and L–2, court records showing that Lee pled guilty to forgery and was sentenced on that conviction in 1977, and exhibits F–1 and F–2, court records which showed that Lee again pled guilty to forgery and was sentenced in 1980. Appellant objected to the admission of the documents on the basis that the certification was improper.

The certification on both documents reads:

I, Helen L. Kuebler, Clerk of the Vanderburgh Superior Court, do hereby certify that the above is page 1 of a 2 page official document designated as a minute, and is a full, complete and accurate copy of said minute, pertaining to Michael E. Lee, which is on file with and in the custody of my office in Order Book 14 on page 411.

Lee challenges this certification, arguing that the documents are order book entries, not minutes. This misidentification, he says, is fatal to the certification.

County Clerk Helen Kuebler testified that order book entries are taken from the minutes. She explained, "[W]e copy from the minutes taken in the courtroom onto an order book and that is a certified copy of that order book entry which was taken from the minutes of the court." This sufficiently identified the documents as copies of official records in the custody of the clerk. The trial court properly admitted the exhibits.

## III. Habitual Offender Identification

■ To prove Lee's identity as the individual convicted of forgery in 1977 and 1980, the State presented the testimony of Evansville Police Officer Kenneth Macken. Macken was the charging officer in both of these prior convictions. He identified Lee in court as the person charged with both crimes.

Macken indicated that his identification was based, at least in part, on a 1977 photograph of Lee which he had seen prior to his testimony. This photograph was not produced or offered. Lee moved to strike Macken's identification testimony because it was opinion evidence and because it was hearsay.

On appeal, Lee argues that the best source of identification evidence was the photograph seen by Macken and not Macken's opinion that the individual pictured in the photograph was Lee. He asserts that the photograph should have been produced and offered into evidence.

This argument assumes that Macken's identification was based solely on the earlier photograph. Viewed most favorably to the judgment, however, the record reveals that Macken was the investigating officer in 1977, personally saw Lee then, remembered him from that time, and identified him in court as the person charged with forgery. Macken had an independent basis for the identification. Any discrepancy in this identification goes to its weight, not its admissibility. The credibility of Macken's identification was for the jury to determine. *Barger v. State* (1984), Ind., 466 N.E.2d 725.

■ Moreover, while either a photograph of the person convicted of an underlying offense, *Bray v. State* (1982), Ind., 443 N.E.2d 310, or identification by someone with personal knowledge, *Craig v. State* (1985), Ind., 484 N.E.2d 566, may be sufficient to identify appellant, neither method of proof is preferred to the exclusion of the other. Identification based on a witness' personal knowledge cannot be excluded on an objection that a photograph is the best evidence.

The judgment of the trial court is affirmed.

DeBRULER, GIVAN, PIVARNIK and DICKSON, JJ., concur.