**William BROWN, Appellant (Defendant Below),**

v.

**STATE of Indiana, Appellee (Plaintiff Below).**

No. 49S00–8702–CR–199.

Supreme Court of Indiana.

July 5, 1988.

L. Craig Turner, Boberschmidt, Miller, O'Bryan & Turner, P.A., Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellee.

SHEPARD, Chief Justice.

Appellant William Brown was tried before a jury and convicted of rape and of criminal deviate conduct, both class B felonies. Ind.Code §§ 35–42–4–1, –2 (Burns 1985 Repl.) The trial court sentenced Brown to two consecutive twenty-year terms of imprisonment.

On direct appeal, Brown raises two issues:

I. Whether the evidence is sufficient to sustain the convictions, and

II. Whether the trial court erred in refusing to admit Brown's pretrial interview into evidence through the testimony of a police officer.

The evidence at trial showed that in September 1984, Brown invited L.B. to attend a movie with him. When they arrived at the theater, L.B. discovered that the movie was X-rated and asked Brown to take her home. On the way home, Brown stopped at an abandoned gravel pit. He tried to kiss L.B. and take her shirt off. L.B. hit Brown and again asked to be taken home. This time he complied. In the months that followed, Brown made several harassing phone calls to L.B. late at night asking her to let him come over and talk.

On February 19, 1985, L.B. arrived home from work at 10:30 p.m. When she exited her car, Brown stepped from behind another car and grabbed her. Brown put a knife to L.B.'s side and forced her into her house, where he made her remove her slacks and underpants. He stated that he "was going to f ... [her] good and that no one had ever told him 'no' before." Brown then had sexual intercourse with L.B. and forced her to perform fellatio on him, keeping the knife at her throat the entire time.[1]

At trial, Brown presented two alibi witnesses: his wife and a friend. Each testified that Brown was with them at or around the time of the crime.

## I. Sufficiency of the Evidence

Alibi evidence is in effect rebuttal evidence directed toward that part of the State's evidence which tends to identify the defendant as the perpetrator of the crime. An alibi defense does not place a greater burden on the State than it would otherwise bear. *Merritt v. State* (1978), 267 Ind. 460, 371 N.E.2d 382.

Carol Brown, appellant's wife, testified at trial that Brown left the apartment on the night of the crime to drive a friend home. She said he returned at 10:20 p.m., at which time they both went to bed. In her pretrial interview with the investigating officer, however, she declared that their friend had departed on his own, after which she and Brown went to bed and remained there the rest of the night. The friend stated that he was with Brown until around 10:20 p.m.; this testimony does not preclude Brown's involvement. By contrast, L.B. consistently and unequivocally identified Brown as her assailant during both a pretrial statement and testimony in court.

As between alibi testimony and the uncorroborated testimony of the victim it is the jury's decision whom to believe. The uncorroborated testimony of a victim is sufficient to support a conviction. *Riggs v. State* (1987), Ind., 508 N.E.2d 1271. The evidence in this case is sufficient to sustain the jury's verdict.

## II. Admission of Pretrial Statement

Indianapolis Detective Mary Wilson testified for the State about her investigation of the crime, which included an interview with Brown in which Brown denied raping L.B. On cross-examination, defense counsel sought to admit a transcript of this pretrial interview. The trial court refused to admit the transcript but allowed counsel to elicit Brown's denial of the rape. Brown claims that by not admitting the entire interview the court denied him his right of

---

1. Use of or threatening the use of deadly force elevates the crimes of rape and criminal deviate conduct to class A felonies; the jury, however, returned a verdict of class B felonies for each crime. Ind.Code §§ 35–42–4–1(3) and 35–42–4–2(3).

full and effective cross-examination of the detective.

This question is nearly identical to the one posed in *Washburn v. State* (1986), Ind., 499 N.E.2d 264, where the defendant in a pretrial statement admitted having sexual relations with the victim but maintained they were consensual. Because the defendant did not testify, the statement was hearsay. The trial court refused to admit it. We affirmed that ruling, reasoning that a defendant's exculpatory pretrial statements do not carry the inherent reliability borne by admissions against his interest. *Id.* at 268.

The privilege against self-incrimination was designed as a shield and not as a sword. In trying to admit his interview through the testimony of the investigating officer, Brown attempted "to use for himself the constitutional privilege against self-incrimination as a technique for avoiding the equally hallowed constitutional principle of cross-examination." *Cain v. State* (1973), 261 Ind. 41, 45, 300 N.E.2d 89, 92 (conversation with girlfriend showing defendant's lack of intent to kill inadmissible). Brown was trying to introduce favorable testimony made immune from cross-examination by his own trial strategy. *Id.*

The trial court properly refused to admit Brown's pretrial interview.

The judgment of the trial court is affirmed.

DeBRULER, GIVAN, PIVARNIK and DICKSON, JJ., concur.