Danny W. DAVIS, Appellant,

v.

STATE of Indiana, Appellee.

No. 18S00–8806–CR–521.

Supreme Court of Indiana.

June 15, 1989.

Kelly N. Bryan, Muncie, for appellant.

Linley E. Pearson, Atty. Gen., Preston W. Black, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Judge.

A jury trial resulted in the conviction of appellant of Burglary, a Class B felony, for which he received a sentence of fourteen (14) years.

The facts are: On the night of July 22, 1987, Kelly Hartman, the victim in this case, was visiting friends Robin Ross and Gia Coppi, who were students at Ball State

University in Muncie, Indiana. After checking the doors, the women retired; at approximately 3:20 a.m., however, the victim awoke when an intruder struck her on the head with a board which was 2½ feet long. She suffered a three to four inch welt across her forehead which bled.

By the light from a utility light shining through her window, the victim was able to observe her assailant for several seconds. The intruder covered the victim's mouth and tried to quiet her. However, she was able to get away from the intruder and scream. Miss Coppi heard the scream, jumped out of bed, and was able to see the intruder's automobile as it passed within ten feet of her window.

Officer De La Garza arrived on the scene and was provided with a detailed description of the attacker and a description of the automobile in which he fled the scene. In the meantime, Miss Ross and Miss Coppi drove through the neighborhood to see if they could find the intruder's vehicle and discovered an automobile fitting that description at the Windsong Apartments nearby. They obtained the license plate number and gave that information to the police who discovered that the vehicle belonged to appellant.

The victim was shown a photographic array, which did not include a photograph of appellant, and she was unable to identify anyone in the group as her attacker. Later, however, she was shown a photographic lineup which included appellant's photograph and she immediately selected his photograph as that of her assailant.

At trial, appellant testified that on the night in question he had consumed four to five beers at the Golden Fox, a nightclub located two miles from the apartments where the burglary occurred. He stated that he left the nightclub at approximately 1:30 to 2:00 a.m.

■ Appellant claims the trial court erred in denying his tendered instruction giving the statutory definition of battery and an instruction which gave the statutory definition of serious bodily injury. Appellant's tendered instruction concerning the battery included the instruction that

the battery would be a Class A misdemeanor if it resulted in bodily injury to another person. In the case at bar, the charge stated that appellant had committed burglary, a Class B felony. Burglary is committed when a person breaks into the structure of another person with intent to commit a felony therein. It becomes a Class B felony if it is committed while armed with a deadly weapon or if the building or structure is a dwelling. Ind.Code § 35-43-2-1.

In the case at bar, there was nothing in the charge to imply that appellant was charged with breaking and entering with intent to commit a misdemeanor nor was there anything in the evidence submitted by the State from which it could be inferred that appellant had any intent other than to commit a felony when he entered the dwelling of the victim and her companions. Appellant unlawfully entered the dwelling carrying a board 2½ feet long with which he struck the victim while she was asleep. Although the injury inflicted by appellant could certainly have been classified as serious bodily injury under Ind. Code § 35-41-1-25, it was not necessary under the charge in this case that the jury so find.

The fact that appellant broke and entered a dwelling was sufficient to elevate the burglary to a Class B felony. Under the theory of the charge and the evidence presented, the trial court was within its sound discretion in refusing both of appellant's tendered instructions. *Washburn v. State* (1986), Ind., 499 N.E.2d 264.

■ Appellant contends the trial court erred when it gave an instruction concerning the term "deadly weapon" over his objection. During the course of the trial, the trial court permitted the State to change its theory of proceeding solely on the invasion of a dwelling to support the Class B burglary to also include the basis that appellant was armed with a deadly weapon. Appellant claims this violated his constitutional right to be advised of the criminal accusation against him. When one examines the charge under which appellant went to trial, one sees that the

charge was burglary, a Class B felony. The information charges both that the structure entered was a dwelling and that it was entered with intent to "commit a felony therein, to-wit: Battery."

In order for battery to be a felony, it must result in serious bodily injury or be committed by means of a deadly weapon. Ind.Code § 35–42–2–1. Appellant was thus fully advised by the information that the State's evidence would show that the structure entered was a dwelling, and that it was entered with intent to commit a felony battery.

It thus was proper for the trial judge to permit the State to present evidence which would demonstrate that the battery committed inside the dwelling was in fact a felony. This was true on two scores, both that the injury inflicted was serious bodily injury under Ind.Code § 35–41–1–25 and that a 2½ foot board used in the manner described was in fact a deadly weapon. *See Spears v. State* (1980), 272 Ind. 634, 401 N.E.2d 331, *modified*, 272 Ind. 647, 403 N.E.2d 828.

■ Appellant claims the trial court erred in denying his motion for a mistrial when Police Officer Robert Carleton, while testifying for the State, stated that after they found the license plate number furnished them had been issued to appellant, he found an outstanding warrant for his arrest. Appellant immediately objected; the trial court sustained the objection and instructed the jury to disregard the comment. There is no doubt that such a comment tends to prejudice appellant in that an inference could be drawn that he had a criminal record. However, we have stated that comments of this sort do not necessarily require a new trial and that the circumstances must be analyzed as to whether the evidence was intentionally injected or came in inadvertently and as to what degree the defendant was subjected to improper speculation by the jury. *Henson v. State* (1987), Ind., 514 N.E.2d 1064.

In the case at bar, Officer Carleton's statement came in the middle of a lengthy direct examination, was stated in an offhand manner, and made no reference to any specific prior crime. In view of the evidence against appellant, it hardly could be surmised that the offhand remark by Officer Carleton prejudiced appellant to such a degree that the admonition by the court to disregard the remark did not suffice. We hold that although the remark was unfortunate, the trial court's refusal to grant a mistrial does not rise to the stature of reversible error.

The trial court is affirmed.

SHEPARD, C.J., and PIVARNIK, J., concur.

DeBRULER, J., dissents with separate opinion in which DICKSON, J., concurs.

DeBRULER, Justice, dissenting.

Danny Davis was charged with Class B Burglary in that he did "break and enter a dwelling ... with intent to commit a felony therein, to wit: Battery." This charge was based upon a single Class B felony burglary theory, namely that the place broken into was a dwelling. The case went to the jury on that theory and on an additional Class B felony theory, namely that Davis had been armed with a deadly weapon when breaking and entering into the building of another person. The initial charge does not call for the defense to meet a claim that Davis was armed when entering. The judge in effect permitted an amendment of the information at trial. Amendments at trial are prohibited by statute if they do not serve to cure a defect, imperfection or omission in form, or if they do prejudice the substantial rights of the defendant. I.C. 35–3.1–1–5. In light of the fact that this amendment added an entire discrete element of an offense, I am unable to say that this amendment meets either aspect of that statutory test.

In *Graves v. State* (1986), Ind., 496 N.E. 2d 383, an opinion to which I dissented, this Court approved an amendment seven days before trial which added the word "serious" before "bodily injury" in the charge. In my view, adding the element that the defendant was actually armed during the charged offense has greater likelihood to

mislead and thwart defense strategies. Here, there were two obvious defense strategies, namely to show no dwelling and to show that the intent at the time of entry was not to do a felony, but to do a misdemeanor. When the trial court, in instructing the jury, included the burglary while armed count, omitted a definition of "dwelling", and dropped the felony battery theory involving bodily injury, the case was radically altered to the detriment of the defense. I would reverse and order a new trial.

DICKSON, J., concurs.