**Herbert N. KENDRICK, Appellant– Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

No. 45A03–9504–CR–125.

Court of Appeals of Indiana.

Sept. 16, 1996.

Rehearing Denied Nov. 19, 1996.

Transfer Denied Jan. 15, 1997.

James F. Stanton, Crown Point, for Appellant-Defendant.

Pamela Carter, Attorney General, Janet L. Parsanko, Deputy Attorney General, Indianapolis, for Appellee-Plaintiff.

## OPINION

STATON, Judge.

Herbert N. Kendrick ("Kendrick") appeals his conviction for three counts of dealing in cocaine, a class B felony.[1] We initially remanded this case to the trial court based upon the trial court's failure to enter specific findings concerning its order excluding certain persons from the courtroom during the testimony of a confidential informant. Having received these findings, we are now able to determine if the trial court erred in excluding people from the courtroom and whether Kendrick was denied effective assistance of counsel due to his attorney's failure to object to the closure.[2]

1. IND.CODE § 35–48–4–1 (Supp.1992).

2. Kendrick raised the issue of ineffective assistance of counsel as the second issue in his brief.

We affirm.

■ Kendrick contends that the trial court violated his right to a public trial by excluding two of his friends during the testimony of the State's confidential informant. As noted in our original opinion, the right to a public trial is not an unlimited right. *Hackett v. State,* 266 Ind. 103, 360 N.E.2d 1000, 1004 (1977). Instead, it can be limited by other interests of justice including "the government's interest in inhibiting disclosure of sensitive information." *Waller v. Georgia,* 467 U.S. 39, 45, 104 S.Ct. 2210, 2215, 81 L.Ed.2d 31 (1984). The confidentiality of a witness' identity is one of those interests which can limit the right to a public trial. *U.S. ex rel Lloyd v. Vincent,* 520 F.2d 1272, 1274–75 (2nd Cir.1975), *cert. denied,* 423 U.S. 937, 96 S.Ct. 296, 46 L.Ed.2d 269 (1975). Another valid interest is a witness' fear for his safety. *Hackett, supra,* at 1004.

■ To determine whether the closure of the courtroom is permissible, the United States Supreme Court has developed a four-part analysis:

[1] the party seeking to close the hearing must advance an overriding interest that is likely to be prejudiced, [2] the closure must be no broader than necessary to protect the interest, [3] the trial court must consider reasonable alternatives to closing the proceeding, [4] it must make findings adequate to support the closure.

*Waller, supra,* at 48, 104 S.Ct. at 2216 (citing *Press–Enterprise Co. v. Superior Court,* 464 U.S. 501, 509–10, 104 S.Ct. 819, 823–24, 78 L.Ed.2d 629 (1984)). Now that the trial court has provided us with findings to support its closure of the courtroom, we can determine if that decision was appropriate.

■ Here, the State moved to close the courtroom during the testimony of the confidential informant because of fear for his safety. In its findings, the trial court determined that because the defendant had a history of violence, two of Kendrick's friends should be excluded from the courtroom dur-

We did not address that issue in our prior opinion due to the lack of findings concerning the closure.

ing the confidential informant's testimony so that they would not be able to identify him later. No other members of the public were excluded during the trial and Kendrick's friends were only excluded during the confidential informant's testimony.

As noted above, the protection of a confidential informant is an overriding interest which can limit the defendant's right to a public trial. *Lloyd, supra; Hackett, supra.* In addition, the trial court order which only excluded two people during the testimony of one witness was narrowly tailored to protect the witness with as little impact as possible on the defendant's right to a public trial. Accordingly, we conclude that Kendrick's right to a public trial was not violated by the exclusion order.[3]

Affirmed.

HOFFMAN and DARDEN, JJ., concur.

---

3. Kendrick also argues that his trial counsel was ineffective for failing to properly object to the closure of the courtroom; thus, waiving Kendrick's right to a public trial. To succeed on a claim for ineffective assistance of counsel premised on counsel's failure to object at trial, a defendant must show that a proper objection would have been sustained by the trial court. *Lowery v. State,* 640 N.E.2d 1031, 1042 (Ind. 1994), *reh. denied.* Absent such a showing, the defendant cannot prevail. *Id.* Because we conclude that the trial court did not err in ordering the exclusion of certain persons during the testimony of the confidential informant, any objection to the closure by Kendrick's counsel would have been overruled. Therefore, Kendrick's claim of ineffective assistance of counsel fails.