



FILED

Oct 19 2023, 12:16 pm

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

I N   T H E

# Indiana Supreme Court

Supreme Court Case No. 23S-CR-283

## Jamone M. Williams,

*Appellant-Defendant,*

–v–

## State of Indiana,

*Appellee-Plaintiff.*

Decided: October 19, 2023

Appeal from the Allen Superior Court
No. 02D05-2002-F4-18
The Honorable David M. Zent, Judge

On Petition to Transfer from the Indiana Court of Appeals
No. 22A-CR-1127

**Per Curiam Opinion**

Chief Justice Rush and Justices Massa, Slaughter, Goff, and Molter concur.

**Per curiam.**

A jury convicted defendant, Jamone Williams, of two counts of child molesting. After his conviction, Williams fell into poor health and could not be transported to the courthouse for sentencing. His original sentencing hearing was continued to a new date. Before the new sentencing date, Williams was hospitalized for a leg amputation.

On the day of his sentencing hearing—and as Williams was awaiting his procedure—the trial court, court reporter, prosecutor, and defense counsel traveled to the hospital. At the hospital, the court and Williams's counsel had the following colloquy:

> COURT: Is it correct that Mr. Williams is waiving his right to be present at sentencing and he does not want to participate at [*sic*] and wants to stay in the hospital room and he does not want us to enter? Is that correct?
>
> DEFENSE: That's correct, Your Honor. **He does want to – he wants to have sentencing somewhere else, but he's not in a position to do that.** So, I told him this was going forward today, and he said he didn't want to be present.

Tr. Vol. 3 at 105 (emphasis added). Finding Williams waived his right to be present at the sentencing hearing, the trial court heard argument from the State and Williams's attorney.

The trial court sentenced Williams to consecutive prison terms totaling forty-nine years. The court found several aggravating factors and found Williams's significant health issues to be a mitigating factor—specifically that Williams was "unlikely to recover."

Williams appealed. Among other things, Williams argued that holding the sentencing hearing at the hospital violated his right to a public trial and his procedural due process rights. The Court of Appeals found Williams did not lodge a specific objection to the court's procedure, thereby waiving the issue for appellate review. *Williams v. State*, No. 22A-

CR-1127, at *13 (Ind. Ct. App. June 20, 2023) (mem.). The Court of Appeals affirmed in all other respects. *Id.*

We now grant transfer, *see* Ind. Appellate Rule 58(A), and find Williams did not waive his right to be physically present at sentencing. Thus, it was improper to hold his sentencing at the hospital.

"A defendant may waive his right to be present at sentencing if it is shown that his absence is knowing and voluntary." *Gillespie v. State*, 634 N.E.2d 862, 863 (Ind. Ct. App. 1994), *trans. denied*. Here, Williams expressed that he "want[ed] to have sentencing somewhere else." Tr. Vol. 3 at 105. Williams's statement shows he would have participated in the proceeding but for his hospitalization. In this context, Williams's purported waiver was equivocal at best and was not unambiguously knowing and intelligent.

While Indiana Code section 35-38-1-4(a)[1] requires that "[t]he defendant **must** be personally present at the time sentence is pronounced" (emphasis added), the record reveals no apparent justification to hold court in a hospital. Such a proceeding potentially implicates a defendant's right to a public sentencing hearing, *Hackett v. State*, 266 Ind. 103, 360 N.E.2d 1000, 1004 (1977), and may impede rights of the press and public, *Williams v. State*, 690 N.E.2d 162, 169 (Ind. 1997).

Appellate courts cannot ignore errors apparent on the face of the record which offend our concepts of criminal justice. *See Batchelor v. State*, 119 N.E.3d 550, 558 (Ind. 2019) (finding "courts should resolve any doubts against a finding of invited error rather than engage in speculation" (emphasis omitted)). Under these circumstances, we cannot condone a sentencing hearing at a hospital. We remind litigants and courts alike of the importance of making a record, particularly in extraordinary circumstances like this. *See Hawkins*, 982 N.E.2d at 1003 (urging trial courts

---

[1] This statute confers not only a right but an obligation to be present at sentencing. *Hawkins v. State*, 982 N.E.2d 997, 1003 n.4 (Ind. 2013). It is unclear why the parties did not agree to another continuance or to conduct remote proceedings. *See* Ind. Interim Administrative Rule 14.

"to be cautious of using procedures—however efficient they may be—without following all of the steps required to implement those procedures in a way that is fair to all involved").

We therefore vacate Williams's sentence and remand for a new sentencing hearing. In all other respects, we summarily affirm the Court of Appeals opinion. App. R. 58(A)(2).

Rush, C.J., and Massa, Slaughter, Goff, and Molter, JJ., concur.

ATTORNEY FOR APPELLANT
Stacy R. Uliana
Bargersville, Indiana

ATTORNEYS FOR APPELLEE
Theodore E. Rokita
Attorney General of Indiana

Ellen H. Meilaender
Supervising Deputy Attorney General
Indianapolis, Indiana