James Lionel HOLLINS, Defendant–
Appellant,

v.

STATE of Indiana, Plaintiff–Appellee.

No. 18S00–9605–CR–401.

Supreme Court of Indiana.

May 6, 1997.

Kelly N. Bryan, Bryan & Bryan, Muncie,
for Defendant–Appellant.

Pamela Carter, Attorney General , Lisa M. Paunicka, Deputy Attorney General, Indianapolis, for Plaintiff–Appellee.

DICKSON, Justice.

In this direct appeal, the defendant, James Hollins, challenges his conviction for the May 13, 1996, murder of Oscar Barton, who died as the result of multiple gunshot wounds fired from a .380 caliber pistol. Several witnesses testified that the defendant had stolen and now possessed a .380 caliber pistol. One witness testified that, when he left the victim's home an hour before Barton was shot, the defendant was there. The victim's upstairs neighbor testified that she heard two people arguing, followed by several gunshots. When she looked out her window, she testified that she saw the defendant running from the rear of the victim's apartment. A third witness testified that, the day after the murder, the defendant stated he had shot the victim with a .380 caliber gun and had stolen four hundred dollars and some jewelry from him.

The jury convicted the defendant of Murder[1] and Felony Murder.[2] The trial court merged the Felony Murder conviction with the Murder conviction and imposed an enhanced sentence of sixty years for Murder.

The defendant asserts the following claims of error: (1) the in-court identification of the defendant was not reliable due to suggestive police procedures; (2) the trial judge was personally biased against the defendant; and (3) the trial court erred in enhancing the defendant's sentence. We affirm the trial court in all respects.

### 1. Reliability of the Witness In–Court Identification

██ The defendant contends that the police procedures used at the photo lineups were "so improperly suggestive" that an eyewitness misidentified the defendant at trial. Brief of Appellant at· 11. When there is no objection to the introduction of identification evidence at trial, the admissibility of the evidence is not drawn into question and the issue is not preserved for appeal. *Harris v. State*, 619 N.E.2d 577, 580 (Ind.1993). When

a defendant fails to object to an in-court identification, the trial court is afforded no opportunity to reconsider its ruling on the motion to suppress. *Lee v. State*, 519 N.E.2d 146, 147 (Ind.1988); *Madden v. State*, 549 N.E.2d 1030, 1032 (Ind.1990).

The defendant filed a pretrial motion seeking to suppress all identification of the defendant by the eyewitness. The trial court did not complete its consideration of the motion until immediately before the commencement of trial. At that time, the court invited: "On the Motion to Suppress Statement, do you have anything for the record?" Record at 203. In response, both the defense and the State presented argument supporting their respective positions. The trial court then denied the defendant's Motion to Suppress and began the trial.

During the morning of the second day of trial, the eyewitness made an in-court identification of the defendant, stating that she was sure that it was the defendant she saw "come from the back of the house" after she heard the gunshots. Record at 354. The defendant did not contemporaneously object to this in-court identification.

Attempting to preserve the issue for this Court's review, the defendant contends that, "during trial, outside the presence of the jury, Hollins objected to [the eyewitness's] in-court identification. . . ." Brief of Appellant at 11. This misstates the record. The defendant's arguments were presented before, not during, the trial. His contentions were not contemporaneous objections to the testimony, but rather supported his pretrial Motion to Suppress. Because the defendant failed to object to the in-court identification at trial, we find the issue waived.

### 2. Trial Court Bias

██ The defendant contends that comments during sentencing "illustrate the trial court's personal bias against Hollins to such an extent that he was denied his due process right to be sentenced by an impartial magistrate." Brief of Appellant at 18. We disagree.

---

1. IND CODE § 35–42–1–1(1) (1993).

2. IND CODE § 35–42–1–1(2) (1993).

In the case at bar, the defendant was convicted of murdering his friend, Oscar Barton, in the course of a robbery. Repeated testimony was heard about how kind and gentle Barton was, including testimony about how he would loan money to people who would not repay him, yet he would never get angry. The court also heard testimony that a pillow was placed over Barton and he was shot multiple times with a semi-automatic, .380 gun and left to bleed to death. Numerous witnesses testified that the defendant possessed the same type of gun, having stolen it earlier. Numerous witnesses also placed the defendant at Barton's apartment immediately before and after he was killed. A friend of the defendant's testified that the defendant admitted "flat out that he just shot Oscar Barton" and that he had stolen "four hundred dollars, a gold watch and ... some gold necklaces" because the defendant "felt [Barton] owed it to him." Record at 285.

Following the verdict, the trial court was presented with a pre-sentence report and, when asked whether he had reviewed the pre-sentence report, the defendant responded that he had, stating "we reviewed the background information in this report and believe that it is factually accurate." Record at 697. This report contained the following information: The defendant was seventeen at the time he committed the murder and had a juvenile record beginning four years earlier. He described his grades as mostly Bs, Cs, and Ds, but research proved that he obtained mostly Ds and Fs. The reports stated that, "The defendant shared freely and seemed very proud that he had sold drugs while living in St. Louis. He indicated that he had sold heroin, crack and pot on a daily basis." Record at 111. At the sentencing hearing, when asked by his attorney if he had "any specific recommendation to the judge," the defendant responded, "If he feels that I deserve sixty years, that's what he should give." Record at 707.

The defendant alleges error in the comments made by the trial court during sentencing:

I've done two-hundred and some murder trials.... I've done juvenile for twenty-one years, tried to set up a place for young kids that don't have anything at home or have crap at home .... [but] you came from a good family and you're cold. You are a cold killer. I've seen them come and go. I've seen them from fourteen to seventy that I've sent ... to prison for murder and you are a cold murderer. You have absolutely no remorse. You will kill again, given the opportunity, but you're going to have a long, long, long time to think about it, or you're going to have to do your drug dealing or your killing in prison.

Record at 715–16.

A trial judge's comments necessarily reflect the evidence he or she hears during the trial. Trial judges may consider the conduct and attitude of the defendant when imposing sentence. In fact, most of the above comments stem from the considerations *mandated* by Indiana's sentencing statute.[3] In view of the nature and circumstances of the defendant and the crimes, the trial judge's comments on the coldness of the defendant, his lack of remorse, and his proclivity to kill again were entirely consistent with the considerations required to be taken into account by the judge in determining the defendant's sentence. The comments do not reflect disqualifying personal bias or prejudice against the defendant.

### 3. Improper Sentence Enhancement

The defendant's final contention is that the trial court relied on improper statutory aggravators in enhancing his sentence to sixty years and, therefore, his sentence must be vacated and remanded for a new sentencing hearing. The trial court identified five circumstances in imposing an enhanced sen-

---

**3.** The Code provides, in pertinent part, "In determining what sentence to impose for a crime, the court shall consider:
    (1) the risk that the person will commit another crime;
    (2) the nature and circumstances of the crime committed;

    (3) the person's:
      ...
      (B) character ...
IND.CODE § 35–38–1–7.1(a) (1993).

tence: (1) the defendant is in need of correctional or rehabilitative treatment that can best be provided by a commitment to a penal facility; (2) history of minor juvenile activity; (3) imposition of a reduced sentence would depreciate the seriousness of the crime; (4) the family of the victim recommends an enhanced sentence; and (5) the defendant's own statements as to past history. The trial court also noted that the only mitigating circumstance was age.

■ Two of the aggravating circumstances cited by the trial court are inappropriate for use here. The statutory aggravating circumstance "that imposition of a reduced sentence would depreciate the seriousness of the crime" is used only to support a refusal to reduce the presumptive sentence. *Mayberry v. State,* 670 N.E.2d 1262, 1270 (Ind.1996); *Ector v. State,* 639 N.E.2d 1014, 1015 (Ind.1994); *Evans v. State,* 497 N.E.2d 919, 923 (Ind.1986). There is nothing in the record indicating that the trial court was considering a reduced sentence. Therefore, the use of this aggravating circumstance was improper.

■ As we noted in *Mayberry,* to enhance a presumptive sentence by reason of the statutory aggravating circumstance that "defendant was in need of correctional and rehabilitative treatment that could best be provided in a penal facility," the trial court must provide a specific or individualized statement of the reason why this defendant was in need of correctional and rehabilitative treatment that could best be provided by a period of incarceration in a penal facility in excess of the presumptive sentence term. *Mayberry,* 670 N.E.2d at 1271. The trial court did not provide such a statement and, consequently, the use of this aggravating circumstance was improper. *See also Newhart v. State,* 669 N.E.2d 953, 955 (Ind.1996).

■ These errors notwithstanding, there are other circumstances found by the trial court which are sufficient to justify an enhanced sentence. Even when the trial court improperly applies an aggravator to a particular case, a single proper aggravator may suffice to sustain an enhanced sentence. *Gregory–Bey v. State,* 669 N.E.2d 154, 159 (Ind.1996).

■ The Indiana Code allows the court to consider the fact that "[t]he person has a history of criminal or *delinquent activity*" as an aggravating circumstance. IND.CODE § 35–38–1–7.1(b)(2) (1993) (emphasis added). Interpreting this statutory provision, we have held that "[a] juvenile history detailed in a pre-sentence report filed with the trial court may suffice as evidence of a criminal history, and thus constitute an aggravating circumstance." *Jordan v. State,* 512 N.E.2d 407, 410 (Ind.1987). *See also Evans,* 497 N.E.2d at 923.

As we previously noted, when asked whether he had reviewed the pre-sentence report, the defendant responded that he had, stating "we reviewed the background information in this report and believe that it is factually accurate." Record at 697. The trial court recognized the existence of this report in its sentencing order and found that the defendant had a "history of minor juvenile activity." Record at 125. The pre-sentence report contained information indicating that on August 22, 1992, the defendant was placed on informal probation for tampering/riding in a stolen vehicle. On December 19, 1992, the defendant was placed on continued informal probation for third degree assault. On May 6, 1993, the defendant was adjudicated a third time for a probation violation. In addition, the defendant admitted—proudly—that he had sold heroin, crack and pot on a daily basis while living in St. Louis. The trial court's reliance on this history was sufficient to enhance the sentence. *See, e.g., Pruitt v. State,* 622 N.E.2d 469, 474 (Ind. 1993) (finding that the defendant's history of crimes while a juvenile and his admission that he engaged in dealing illegal drugs was "sufficient in and of itself to impose an enhanced sentence").

We affirm the trial court.

SHEPARD, C.J., and SULLIVAN and SELBY, JJ., concur. BOEHM, J., concurs as to Parts 2 & 3 and concurs in result as to Part 1.