Dashaun BUSH, Appellant–Defendant,

v.

STATE of Indiana, Appellee.

No. 49A05–9912–CR–540.

Court of Appeals of Indiana.

July 31, 2000.

Kurt A. Young, Nashville, Indiana, Attorney for Appellant.

Jeffrey A. Modisett, Attorney General of Indiana, Timothy W. Beam, Deputy Attorney General, Indianapolis, Indiana, Attorneys for Appellee.

## OPINION

SULLIVAN, Judge

Appellant, Dashaun Bush (Bush) appeals his sentence for Carrying a Handgun Without a License,[1] a Class C felony.[2]

We affirm.

Bush contends that it was manifestly unreasonable for the trial court to impose the presumptive term of four years and suspend three years, leaving an executed sentence of one year.[3] The trial court also ordered Bush to serve one year on probation. Sentencing decisions rest within the sound discretion of the trial court. *Ballinger v. State* (1999) Ind.App., 717 N.E.2d 939, 947. We will not revise a sentence authorized by statute unless such

---

1. I.C. 35–47–2–1 (Burns Code Ed. Repl.1998).

2. On June 3, 1997, Bush pleaded guilty to Carrying a Handgun Without a License, a Class A misdemeanor. This resulted in the current charge being elevated to a Class C felony pursuant to I.C. 35–47–2–23(c)(2).

3. The presumptive sentence for a Class C felony is four years, with not more than four years added for aggravating circumstances and not more than two years subtracted for mitigating circumstances. I.C. 35–50–2–6 (Burns Code Ed. Repl.1998).

sentence is manifestly unreasonable in light of the nature of the offense and the character of the offender. *Sanders v. State* (2000) Ind.App., 724 N.E.2d 1127, 1134; Ind. Appellate Rule 17(B). Furthermore, when a trial court imposes the presumptive sentence, it has no obligation to explain its reasons. *Morgan v. State* (1996) Ind., 675 N.E.2d 1067, 1073.

Here, the trial court imposed the presumptive sentence and then suspended three years. Bush did not submit any evidence of the existence of mitigating factors. The only mitigating factor listed in the presentence report was Bush's young age, and the only aggravating factor listed was Bush's history of criminal activity. In light of this, we will not say that the sentence imposed was manifestly unreasonable.

In *Wiggins v. State* (2000) Ind. App., 727 N.E.2d 1, 11, *trans. denied,* a panel of this court held that "when a trial court adjusts a presumptive sentence by suspending a portion of that sentence, the record should disclose what factors were considered to be mitigating or aggravating circumstances." That panel then concluded that it is necessary in such instance for the trial court to explain its sentencing decision. In our view, Judge Garrard's dissent in *Wiggins* correctly observes that the majority, in relying upon *Morgan v. State* (1996) Ind., 675 N.E.2d 1067, reads that decision too broadly. In requiring the record to reflect what aggravating and mitigating factors the sentencing court considered, the *Morgan* court was dealing not only with suspension of a portion of one of three sentences imposed, but with the fact that the court had ordered consecutive sentences. The latter fact clearly dictates consideration and recitation of the aggravating circumstances as balanced against any mitigating circumstances considered. *Becker v. State* 1998 Ind.App., 695 N.E.2d 968. In any event we decline to follow *Wiggins v. State* insofar as it would require a recitation of mitigating circumstances in order to justify suspension of all or a part of a presumptive sentence.

The judgment is affirmed.

BAILEY, J., and VAIDIK, J., concur.