**Michael E. KIRBY, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

No. 18A02–0007–CR–467.

Court of Appeals of Indiana.

April 30, 2001.

Alan K. Wilson, Muncie, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Nandita G. Shepherd, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

**OPINION**

BAKER, JUDGE

Appellant-defendant Michael E. Kirby appeals the sentence imposed by the trial court for his conviction for Possession of a Controlled Substance,[1] a class C felony. Specifically, Kirby contends that the three aggravating factors relied upon by the trial court in determining his sentence, were either improper or erroneously applied.

*FACTS*

The facts most favorable to the judgment reveal that on November 8, 1999, Kirby was found in a motel, located within one thousand feet of a public park, with two small boxes of cocaine in his pocket. Shortly thereafter, Kirby was charged with Count I, Possession of Cocaine,[2] a class B felony, and Count II, Possession of

a Controlled Substance, a class C felony. On June 2, 2000, Kirby pled guilty to Count II in exchange for the State's dismissal of Count I.

Both parties were permitted to present argument at the sentencing hearing on July 6, 2000. After hearing argument, the trial court found three aggravating factors and two mitigating factors. Specifically, the trial court found as aggravating factors that: 1) Kirby had neglected a court order to pay child support; 2) treatment could best be achieved while in a penal facility; and 3) a fully suspended sentence would lessen the seriousness of the crime. The trial court also found as mitigating factors that: 1) Kirby had no prior felony convictions; and 2) long term imprisonment may create undue hardship for Kirby's family. Subsequently, the trial court found that the aggravating factors outweighed the mitigating factors and sentenced Kirby to the presumptive four-year term of imprisonment. Kirby now appeals.

*DISCUSSION AND DECISION*

*I. Standard of Review*

In addressing Kirby's contention that the trial court should have imposed less than the presumptive sentence, we note that sentencing decisions rest within the sound discretion of the trial court, and on appeal the trial court's decision will be reversed only upon a showing of a manifest abuse of that discretion. *Price v. State,* 725 N.E.2d 82, 85 (Ind.2000). This court will revise a sentence authorized by statute only where the sentence is manifestly unreasonable in light of the nature of the offense and the character of the offender. Ind. Appellate Rule 17(B);[3]

1. IND.CODE § 35–48–4–7(a).

2. I.C. § 35–48–4–6(a).

3. Because the praecipe in this case was filed before January 1, 2001, this appeal is governed by the former rules of appellate procedure. Had the praecipe been filed after Janu-

*Hurt v. State,* 657 N.E.2d 112, 114 (Ind. 1995). Furthermore, when a trial court imposes the presumptive sentence, it has no obligation to explain its reasons for doing so. *Bush v. State,* 732 N.E.2d 250, 251 (Ind.Ct.App.2000).

## II. Kirby's Claim

Kirby contends that the trial court erred in its reliance upon the three aggravating factors in determining his sentence. First, Kirby claims that the trial court's use of his failure to pay child support as an aggravator is unprecedented in Indiana and violates the Equal Protection and Due Process Clauses of the U.S. Constitution, and the Equal Privileges and Immunities Clause of the Indiana Constitution. Specifically, Kirby asserts that, "before nonpayment of child support may be considered as an aggravating factor in a sentencing decision, it must be proven beyond a reasonable doubt that the defendant had the financial ability to comply with a child support order and willfully failed to do so." Appellant's brief at 11–12.

■ As an initial matter, we note that Kirby failed to object to the trial court's finding that his failure to pay child support was an aggravating factor. His failure to object waives any claim of error on appeal. *Angleton v. State,* 714 N.E.2d 156, 158 (Ind.1999).

■ Waiver notwithstanding, IND.CODE § 35–38–1–7.1 expressly states that the aggravators listed in subsection (b) of that statute "do not limit the matters that the court may consider in determining the sentence." Moreover, our supreme court "has repeatedly held that sentencing courts are free to consider other relevant factors relating to the specific facts of the crime and the defendant's character." *Wethington v. State,* 560 N.E.2d 496, 509 (Ind.1990).

In support of his contention that the trial court improperly considered his failure to pay child support as an aggravator, Kirby relies upon the U.S. Supreme Court's decision in *Bearden v. Georgia,* 461 U.S. 660, 103 S.Ct. 2064, 76 L.Ed.2d 221 (1983). The issue in *Bearden* was whether the Fourteenth Amendment prohibits a State from revoking an indigent defendant's probation for failure to pay a fine and restitution. *Id.* at 661, 103 S.Ct. 2064. In that case, the defendant had pled guilty to burglary and theft, and the Georgia trial court had sentenced him to probation on the condition that he pay a $500 fine and $250 in restitution. *Id.* at 662, 103 S.Ct. 2064. The defendant was subsequently unable to pay the balance of these amounts because he was laid off from his job and was unable to find other work. *Id.* As a result, the trial court revoked the defendant's probation and sentenced him to a period of incarceration. *Id.* at 663, 103 S.Ct. 2064. The U.S. Supreme Court reversed the trial court's decision and held:

> [I]n revocation proceedings for failure to pay a fine or restitution, a sentencing court must inquire into the reasons for the failure to pay. If the probationer willfully refused to pay or failed to make sufficient bona fide efforts legally to acquire the resources to pay, the court may revoke probation and sentence the defendant to imprisonment within the authorized range of its sentencing authority.

*Id.* at 672, 103 S.Ct. 2064.

We reject Kirby's assertion that the Supreme Court's opinion in *Bearden* controls here. Specifically, in *Bearden* the Supreme Court was addressing whether a

ary 1, 2001, Ind. Appellate Rule 7 would govern the issues that Kirby presents.

defendant's failure to pay a fine and restitution imposed for commission of a crime is grounds for revoking his probation. Here, Kirby's failure to pay child support was not considered in the context of probation revocation, and he was not incarcerated as a direct result of his failure to make support payments. Rather, the trial court simply considered Kirby's failure to fulfill his child support obligations as one of three aggravators in determining the appropriate sentence for his conviction for possession of a controlled substance. Further, the facts in *Bearden* indicate that the defendant had no resources with which to pay the outstanding monies. *Id.* at 2067. In contrast, it is apparent from Kirby's conviction for possession of a controlled substance, that he elected to direct whatever financial resources he had towards procuring drugs rather than towards supporting his children.[4] In our view, such behavior speaks to the quality of Kirby's character and may properly be considered by the trial court in sentencing. *See Wethington*, 560 N.E.2d at 509. Thus, we conclude that the trial court did not err in relying upon Kirby's failure to pay child support as an aggravator and Kirby's argument must fail.

▮ Kirby next claims that the trial court improperly applied the aggravator that treatment could best be achieved in a penal facility. Specifically, he asserts that before applying this aggravator, the trial court failed to make the requisite finding that his correctional treatment could best be provided by a sentence in excess of the presumptive sentence.

To support his claim, Kirby cites our supreme court's opinion in *Hollins v.*

*State,* 679 N.E.2d 1305, 1308 (Ind.1997), wherein it states:

> [T]o enhance a presumptive sentence by reason of the statutory aggravating circumstance that "defendant was in need of correctional and rehabilitative treatment that could best be provided in a penal facility" the trial court must provide a specific or individualized statement of the reason why this defendant was in need of correctional and rehabilitative treatment that could best be provided by a period of incarceration *in excess of the presumptive term.*

(emphasis added) (quoting *Mayberry v. State,* 670 N.E.2d 1262, 1271 (Ind.1996)). However, Kirby's reliance on *Hollins* is misplaced inasmuch as the trial court did not rely upon this aggravator to enhance his sentence. Rather, the trial court used this factor to offset the mitigators and impose the presumptive sentence.

Moreover, the trial court explained why Kirby is in need of corrective and rehabilitative treatment in a penal facility. Specifically, at the sentencing hearing the trial court stated that, "there is no question that [Kirby] had a substance abuse problem" because he used "alcohol, cocaine and marijuana on a daily basis." R. at 82. The court also observed that outside drug treatment programs, such as Sober Life Alternative, "ha[ve] certain commitments that need to be followed," including "keep[ing] appointments," but that Kirby had demonstrated his inability to fulfill his commitments by his failure to appear in court on eight different occasions, as well as his failure to make support payments to his children and to maintain constant employment. R. at 81–82. With this in mind, the trial court concluded that Kirby

---

4. The record reveals that Kirby was determined to be the father of two children and that he owed $6,143.50 in child support arrearage. R. at 19. Moreover, Kirby failed to appear in court on eight different occasions during the paternity case for one of his children, and that child was ultimately determined to be a CHINS. R. at 19.

was not a suitable "candidate" for an outside program and that his treatment should, therefore, occur in the Department of Corrections. R. at 82, 83. Thus, the trial court did not err in relying upon this statutory aggravating factor.

■ Finally, Kirby claims that the trial court improperly applied the aggravator that a fully suspended sentence would lessen the seriousness of the crime. Specifically, Kirby asserts that a trial court may only apply this aggravator when it is considering imposing less than the presumptive sentence, and that, in this instance, there is no indication that the trial court was contemplating such lesser sentence. Appellant's brief at 8–9.

■ In addressing this claim, we note that our supreme court has stated that "[t]he statutory aggravating circumstance 'that imposition of a reduced sentence would depreciate the seriousness of the crime' is used only to support [the trial court's] refusal to reduce the presumptive sentence." *Hollins,* 679 N.E.2d at 1308. Further, the record must indicate that the trial court was considering a reduced sentence and such consideration cannot be assumed from a combination of facts and mere recitation of the statutory aggravator. *Ector v. State,* 639 N.E.2d 1014, 1016 (Ind.1994).

Here, the record reveals that Kirby asked the court to consider a sentence less than the presumptive four years of incarceration. Specifically, Kirby said "I am sorry for what I have done and would like to get a suspended sentence." R. at 77. Defense counsel also stated that "it seems like there are a lot of good reasons why a suspended sentence rather than an executed sentence would be appropriate in this case." R. at 78. In response, the trial court considered the pre-sentence report and "the seriousness of the crime" before denying Kirby's request by imposing a fully executed presumptive sentence. R. at 77–83. Thus, it is apparent that the trial court used the statutory aggravator to support its refusal to reduce the presumptive sentence for Kirby's crime, and, therefore, we find no error. See *Hollins,* 679 N.E.2d at 1308.

Judgment affirmed.

SHARPNACK, C.J., and MATHIAS, J., concur.