DAVID P. SMITHERS, Appellant-Defendant,
v.
STATE OF INDIANA, Appellee-Plaintiff.
No. 41A01-0512-CR-560.
Court of Appeals of Indiana.
December 12, 2006.
ANDREW S. ROESENER, Baldwin & Roesener, Franklin, Indiana, ATTORNEYFOR APPELLANT.
STEVE CARTER, Attorney General of Indiana, GARY DAMON SECREST, Deputy Attorney General, Indianapolis, Indiana, ATTORNEYS FOR APPELLEE.

MEMORANDUM DECISION
DARDEN, Judge.

STATEMENT OF THE CASE
David P. Smithers belatedly appeals his sentence imposed following his plea of guilty to conspiracy to commit murder as a class A felony, child molesting as a class B felony, two counts of child molesting as class C felonies, and dissemination of matter harmful to minors as a class D felony.
We affirm.

ISSUE
Whether the trial court abused its discretion in sentencing Smithers.

FACTS
Between November 24 and 27, 2000, Smithers was babysitting for five-year-old S.M. and made her watch a pornographic movie. During that same time period, Smithers also pulled down his pants, put his penis in S.M.'s mouth, rubbed his penis on S.M.'s buttocks, and touched S.M.'s vaginal area. Thereafter, the State charged Smithers with Count I, child molesting as a class A felony; Count II, child molesting as a class C felony; Count III, child molesting as a class C felony; and Count IV, dissemination of matter harmful to minors as a class D felony in cause number 41D03-0012-CF-194 ("Cause #194").[1] The State also filed a motion for a protective order on behalf of S.M., and the trial court granted it.[2]
Around August 27, 2001, while Smithers was incarcerated in the Johnson County Jail on the charges in Cause #194, he entered into an agreement with fellow inmate, Codell Wombles, for Wombles to murder S.M. Smithers drew a map showing where S.M. lived and gave it to Wombles, described S.M.'s appearance to Wombles, and gave Wombles some money. On August 31, 2001, the State charged Smithers with conspiracy to commit murder as a class A felony under cause number 41D03-0108-CF-126 ("Cause #126").[3]
On November 20, 2002, Smithers entered into a plea agreement with the State on Cause #126. Smithers agreed to plead guilty as charged, and the State agreed to open sentencing by the trial court. That same day, the trial court held a hearing, and Smithers pleaded guilty to conspiracy to commit murder as a class A felony.
On December 5, 2002, Smithers entered into a plea agreement with the State on Cause #194. Smithers agreed to plead guilty to Count I, child molesting amended to a class B felony, and to Counts II, III, and IV as charged, and the State agreed to make the following sentencing recommendations: (1) open sentencing on all counts; (2) sentences on Counts I through IV be served concurrently to each other; and (3) the sentence imposed be served consecutively to the sentence in Cause #126.[4] That same day, the trial court held a hearing, and Smithers pleaded guilty to the three child molesting charges and the dissemination of matter harmful to minors charge.
On January 15, 2003, the trial court held an evidentiary sentencing hearing on both Cause #126 and #194. The State introduced stipulated Exhibits 1-9 and Exhibit 10, to which Smithers did not object. Exhibits 1-4 were audiotapes of Smithers' conversations with Wombles in which he conspired to murder S.M.; Exhibits 5-8 were the corresponding transcripts of the audiotapes; Exhibit 9 was the map that Smithers made; and Exhibit 10 was a victim impact statement from S.M.'s mother.[5] During the hearing, the State informed the trial court that the audiotapes would reveal that Smithers was "a cold-blooded would be killer" and would show how he "secure[d] what he believe[d] [wa]s the cooperation from a long term convicted felon to carry out his plans[,]" drew a map, laid out his plan, and went into "some detail about how they [could] attempt to pull this off in a way so that they [could] get away with their crime and he [could] escape responsibility for his viciousness." (App. 115-116). The State also indicated that the tapes would reveal that not only did Smithers "plot[] to kill a little girl and her mother" but that Smithers told Wombles that "if the Dad happens to be there too, why don't you throw him in as well." (App. 116). The State argued that Smithers should receive the maximum sentence because he "was entrusted with the care of this child [S.M.,]" who was a "little five (5) year old girl while her mother was out of town[,]" and that "instead of safeguarding and watching out for her like he was supposed to do, he gratified his own sexual desires with this child" and that he "violated that position of trust by committing . .. terrible and various sexual acts with her[.]" (App. 114). Also during the hearing, Smithers testified that he was "really truly sorry that any of this happened." (App. 109). Smithers' counsel acknowledged that Smithers would "likely spend decades in the Department of Corrections" but requested that the trial court "consider placing him under some form of period of suspended sentence for reasons and for opportunity for the Court to supervise him and keep him in." (App. 110-111).
On February 5, 2003, the trial court held a sentencing hearing, and before imposing Smithers' sentence, the trial court stated:
Mr. Smithers the child that you molested and conspired to murder and those responsible to teach her and raise her and answer her questions will have difficulties beyond the comprehension of most of us here today. You have offered your straight forward and simply expression of remorse for those acts and that expression is well taken and has been considered in determining your sentence. The purpose today is for me to give you an explanation of the mitigating and aggravating factors that were considered and to tell you what your sentence will be. The child [S.M.] was in your care. She was very young. She trusted you and her mother trusted you and you abused that care. The specific circumstances of the molesting was not a simply touching. I won't go any fa[r]ther than that. Um, but, vengeance is not the purpose of sentencing. Fairness is the purpose of sentencing. Fairness to you in that you've had an opportunity to consult with counsel, to evaluate the facts and you offered your knowing and voluntarily plea of guilty to both the charges, well all five (5) charges, to the Court. Uh, but fairness is also due to the community in the form of protection and safety and, uh, the incarcerated portion of your sentence is quite long because of the fairness due to the community. Um, specifically, with regard to the aggravating and mitigating factors, I found your violation of the conditions of your release to be an aggravating factor in that you had a protective order with respect to the victim. Uh, on the child molesting charge, and during that period of time you conspired to have her and her mother murdered.[6] Um, you have a history of criminal and delinquent activity. I didn't give that very much weight because the only conviction was a conviction for theft in 1997.[7] Albeit a crime of dishonesty, um, I found also that you were in need of correctional and rehabilitation treatment that could be best provided by commitment to a facility and that imposition of a reduced sentence or suspended sentence would depreciate the seriousness of the crimes that you committed and those aggravating factors apply to both cases. I'm going to go into a little bit more detail in the sentencing orders. I did not find any mitigating factors.
(App. 122-124). The trial court then sentenced Smithers to fifty years on his class A felony conspiracy to commit murder conviction in Cause #126. In Cause #194, the trial court sentenced Smithers to twenty years with two years suspended on his class B felony child molesting conviction, eight years on each of his class C felony child molesting convictions, and three years on his class D felony conviction.[8] Then, pursuant to the plea agreement, the trial court ordered that the four counts in Cause #194 be served concurrently to one another and that that sentence be served consecutively to the sentence in Cause #126, for a total sentence of seventy years. Thereafter, the trial court ordered that Smithers serve a sixty-eight year executed sentence in the Indiana Department of Correction and two years suspended.
On March 6, 2003, Smithers, pro se, sent a letter to the trial court indicating that he wanted to appeal his sentences under both Cause #126 and #194 and requested that the trial court appoint appellate counsel for that purpose. The trial court appointed a public defender, who then filed a petition for permission to file a belated appeal on April 14, 2003. The trial court denied Smithers' petition.
Thereafter, Smithers engaged in a lengthy process and the filing of various motionsincluding additional requests for permission to file a belated appeal, petitions for post-conviction relief, and a change of judge motionin an attempt to appeal his sentences until he was finally granted permission to file a belated notice of appeal, which he then filed on September 27, 2005.[9] Additional facts will be provided as necessary.

DECISION
The sole issue is whether the trial court abused its discretion in sentencing Smithers. Sentencing decisions rest within the discretion of the trial court and are reviewed on appeal only for an abuse of discretion. Smallwood v. State, 773 N.E.2d 259, 263 (Ind. 2002). An abuse of discretion occurs if "the decision is clearly against the logic and effect of the facts and circumstances." Pierce v. State, 705 N.E.2d 173, 175 (Ind. 1998). In order for a trial court to impose an enhanced or consecutive sentence, it must: (1) identify the significant aggravating factors and mitigating factors; (2) relate the specific facts and reasons that the court found to those aggravators and mitigators; and (3) demonstrate that the court has balanced the aggravators with the mitigators. Veal v. State, 784 N.E.2d 490, 494 (Ind. 2003). A trial court is not obligated to weigh a mitigating factor as heavily as the defendant requests. Smallwood, 773 N.E.2d at 263. A single aggravating factor may support the imposition of both an enhanced and consecutive sentence. Payton v. State, 818 N.E.2d 493, 496 (Ind. Ct. App. 2004), trans. denied. Finally, our review is not limited to the written sentencing order; we are required to look at the entire record including the sentencing hearing. Davies v. State, 758 N.E.2d 981, 986 (Ind. Ct. App. 2001), trans. denied.
Pursuant to Smithers' plea agreement, sentencing on each of his convictions was left open to the discretion of the trial court. The trial court enhanced each of Smithers' sentences to the maximum possible sentence allowable under the terms of the plea agreement based on the following aggravators: (1) Smithers violated the pre-trial protective order in favor of S.M. when he conspired to murder S.M.;[10] (2) Smithers' criminal history; (3) the need for correctional or rehabilitative treatment; (4) the imposition of a reduced sentence would depreciate the seriousness of the crime; and (5) the violation of a position of trust.[11] The trial court found no mitigating factors.
Smithers argues that the trial court abused its discretion when sentencing him because the trial court's use of three of the aggravatorsthe violation of the protective order, need for correctional treatment, and depreciates the seriousness aggravatorswere either in violation of Blakely or were otherwise improperly used as aggravators. Smithers also argues that the trial court erred by failing to find his remorse and guilty plea to be mitigating factors.
Before we address Smithers' arguments regarding aggravators and mitigators, we address the parties' dispute regarding whether Blakely v. Washington, 542 U.S. 296 (2004), reh'g denied, should apply retroactively to Smithers' belated appeal. Our court is split on this issue of whether to apply Blakely in the case of appellants pursuing belated appeals under Post-Conviction Rule 2. In Hull v. State, 839 N.E.2d 1250, 1256 (Ind. Ct. App. 2005), trans. not sought, and Robbins v. State, 839 N.E.2d 1196, 1199 (Ind. Ct. App. 2005), trans. not sought, two different panels of our court held that Blakely did not apply retroactively to defendants who were belatedly appealing their sentences because those defendants' cases were not pending on direct review and were final for retroactivity purposes. However, in Sullivan v. State, 836 N.E.2d 1031, 1035 (Ind. Ct. App. 2005), trans. not sought, a third panel of this court held that an appellant who had been granted permission to file a belated appeal to pursue a challenge to his sentence could "rely on Blakely even though he was sentenced more than five years before it was decided because his case was 'not yet final' when Blakely was decided." Other panels of our court have followed suit with the holding in Sullivan and held that Blakely applies retroactively to appeals raised pursuant to Indiana Post-Conviction Rule 2(1) because the appellant's case was not final when Blakely was decided. See Gutermuth v. State, 848 N.E.2d 716, 728-730 (Ind. Ct. App. 2006), trans. granted;[12]Boyle v. State, 851 N.E.2d 996, 1006 (Ind. Ct. App. 2006), transmitted on trans.; Meadows v. State, 853 N.E.2d 1032, 1035-1036 (Ind. Ct. App. 2006); Baysinger v. State, 854 N.E.2d 1211, 1214, (Ind. Ct. App. 2006), trans. pending. As noted above, these cases have had transfer granted, have been transmitted on transfer, or have transfer pending. We cannot predict on what side the Indiana Supreme Court may fall on this retroactivity issue.[13] Nevertheless, we need not review Smithers' Blakely claims regarding the trial court's use of aggravators because we find his non-Blakely arguments to be dispositive in showing that the trial court did not err. See Wright v. State, 688 N.E.2d 224, 226 n.4 (Ind. Ct. App. 1997) (noting that "this court is not permitted to address a constitutional issue when we can base our decision on any other statutory or common-law basis"); Sheron v. State, 682 N.E.2d 552, 553 (Ind. Ct. App. 1997) ("As a matter of jurisprudence, courts will not decide constitutional issues when a case can be decided on other grounds.").

1. Aggravators
Smithers argues that the protective order violation, need for rehabilitative treatment, and depreciates the seriousness aggravators were improperly used as aggravators. We will review each aggravator in turn.

A. Violation of Protective Order

During the sentencing hearing, the trial court "found [Smithers'] violation of the conditions of [his] release to be an aggravating factor in that [he] had a protective order with respect to the victim . . . on the child molesting charge, and during that period of time [he] conspired to have her and her mother murdered." (App. 123). Smithers argues that the trial court's use of this aggravator was "factually impossible" and that "[a]bsolutely no evidence was established to show any contact at all between [Smithers] and [S.M.]." (Smithers' Br. 20).
The record reveals that in December 2000, following the State's filing of the child molest charges in Cause #194, the trial court issued a protective order as a condition of bond.[14] Thereafter, Smithers was arrested and placed in the Johnson County Jail. In August 2001, while in the jail, Smithers conspired with another inmate to have that inmate kill S.M. when Smithers gave the inmate some money, a map, and a description of S.M. Thus, there is no evidence that Smithers had any contact with the victim. See Huber v. State, 805 N.E.2d 887, 892 (Ind. Ct. App. 2004) (holding that no direct or indirect contact had been shown to indicate a violation of the protective order where the defendant asked a person to call his wife and that person did not call the wife); Wright, 688 N.E.2d at 226 (holding that a defendant's lawsuit, which was filed against his victim for whom a no-contact order had been issued as a condition of the defendant's probation and which led to the sheriff serving a summons and complaint on the victim, did not constitute "contact" in violation of the defendant's probation).
Although the facts surrounding Smithers' conspiracy to murder S.M. do not support an aggravating factor that Smithers violated a protective order, the facts do support an aggravating factor regarding the nature and circumstance of the crime. It is clear that the trial court used the facts surrounding Smithers' conspiracy to murder S.M. as an aggravator to enhance Smithers' sentence, and the nature and circumstances of a crime may be considered an aggravating factor. See Mitchem v. State, 685 N.E.2d 671, 680 (Ind. 1997). Smithers conspired to kill the five-year-old girl, who he had molested, who he had been ordered to leave alone, and who would undoubtedly be serving as a witness against him at trial. Therefore, despite the trial court's failure to "neatly package" the facts surrounding the crime under a nature and circumstances aggravator label, we cannot say that the trial court's reliance on the facts surrounding the crime as an aggravating circumstance was an abuse of discretion. See Brown v. State, 698 N.E.2d 779, 781 (Ind. 1998) (holding that although the trial court failed to "neatly package" aggravating circumstances in the sentencing order, the record demonstrated that the trial court considered the circumstances of the crime in ordering the sentences to be enhanced and served consecutively); see also Culver v. State, 727 N.E.2d 1062, 1071 (Ind. 2000) (holding that the nature and circumstances of the crime was an aggravating circumstance to justify the enhanced sentence despite the trial court's failure to explicitly identify the nature and circumstances as an aggravating circumstance in the sentencing statement), reh'g denied.

B. Need for Rehabilitative Treatment

The trial court's reliance on Smithers' need for rehabilitation best served by commitment to a penal facility was improper. This factor may be used to enhance a sentence above the presumptive only if the trial court provides a specific or individualized reason as to why the defendant requires correctional treatment in excess of the presumptive term. Cotto v. State, 829 N.E.2d 520, 524 (Ind. 2005) (citing Hollins v. State, 679 N.E.2d 1305, 1308 (Ind.1997)). Because every executed sentence involves incarceration, there must be a specific and individualized statement explaining why extended incarceration is appropriate. Id. Here, the trial court made no such individualized statement; consequently, the use of this aggravating circumstance was improper.

C. Depreciates the Seriousness of the Crime

Smithers also argues that the trial court's use of the "depreciates the seriousness" aggravator was improper. "This factor serves only to support a refusal to impose less than the presumptive sentence and does not serve as a valid aggravating factor supporting an enhanced sentence." Cotto, 829 N.E.2d at 524. Thus, the trial court's use of this aggravator was improper because there is no indication that the trial court was considering imposing anything less than the presumptive sentence. See, e.g., Bacher v. State, 686 N.E.2d 791, 801 (Ind. 1997) (holding that the trial court improperly used the depreciates the seriousness aggravator because there was nothing in the record indicating that the trial court was considering a reduced sentence).

2. Mitigators
Smithers argues that the trial court erred by failing to consider his remorse and his guilty plea as mitigating factors. Determining mitigating circumstances is within the discretion of the trial court. Corbett v. State, 764 N.E.2d 622, 630 (Ind. 2002). A trial court does not err in failing to find mitigation when a mitigation claim is "highly disputable in nature, weight, or significance." Smith v. State, 670 N.E.2d 7, 8 (Ind. 1996). The trial court is not obligated to accept the defendant's arguments as to what constitutes a mitigating factor. Corbett, 764 N.E.2d at 630. Nor is the court required to give the same weight to proffered mitigating factors as the defendant does. Id. Further, the trial court is not obligated to explain why it did not find a factor to be significantly mitigating. Id. at 630-631. The failure to find mitigating circumstances that are clearly supported by the record, however, may imply that they were overlooked and not properly considered. Id. at 631. An allegation that the trial court failed to identify or find a mitigating factor requires the defendant to establish that the mitigating evidence is both significant and clearly supported by the record. Id.

A. Remorse

During the sentencing hearing, Smithers simply stated the following:
I really don't have all that much to say. I just wanted the Court to know that I'm sorry about all of this. Not just, uh, sorry that I got caught, but really truly sorry that any of this happened. I'm sure there's not a day that's gonna go by that I'm not sorry of my actions and I wished I could change it, but I can't. All I can do is ask the Court to have mercy on me and I have asked God to have mercy on me, as well, and that's all.
(App. 109). When sentencing Smithers, the trial court acknowledged Smithers' "simpl[e] statement of remorse" and indicated that it had "been considered in determining [Smithers'] sentence." (App. 122). The trial court, however, did not find it to be a significant mitigating factor.
A trial court's determination of a defendant's remorse is similar to a determination of credibility. Pickens v. State, 767 N.E.2d 530, 534-535 (Ind. 2002). Without evidence of some impermissible consideration by the court, we accept its determination of credibility. Id. The trial court is in the best position to judge the sincerity of a defendant's remorseful statements. Stout v. State, 834 N.E.2d 707 (Ind. Ct. App. 2005), trans. denied. Smithers does not allege any impermissible considerations. Thus, the trial court did not abuse its discretion by failing to consider Smithers' alleged remorse to be a significant mitigating factor, especially, here, where Smithers conspired and plotted in great detail to kill a five-year-old girl while he was sitting in jail on charges that he committed three acts of child molestation against that five-year-old girl and one charge of showing her pornography. See, e.g., id. (holding that the trial court did not err in refusing to find defendant's alleged remorse to be a mitigating factor).

B. Guilty Plea

Smithers also contends that the trial court abused its discretion by not considering his guilty plea as a mitigating factor. A guilty plea does not automatically amount to a significant mitigating factor. Sensback v. State, 720 N.E.2d 1160, 1165 (Ind. 1999). "[A] guilty plea does not rise to the level of significant mitigation where the defendant has received a substantial benefit from the plea or where the evidence against him is such that the decision to plead guilty is merely a pragmatic one." Wells v. State, 836 N.E.2d 475, 479 (Ind. Ct. App. 2005), trans. denied.
Here, Smithers received a benefit in light of the State's reduction of one of the charges against him from an A felony to a B felony. In addition, the State agreed that all of Smithers' sentences in Cause #194 would be served concurrently. Furthermore, the record reveals that the State had audiotapes of Smithers' jailhouse conversations with his fellow inmate during which he conspired with and paid the fellow inmate to kill S.M. Thus, the trial court could have reasonably concluded that Smithers' decision to plead guilty was largely a pragmatic one. Finally, Smithers did not plead guilty in Cause #194 until two years after he had been charged and, in Cause #126, more than one year after he was charged. Accordingly, we cannot say that the trial court abused its discretion when it did not give mitigating weight to his guilty plea. See, e.g., Wells, 836 N.E.2d at 479-480 (holding that there was no abuse of discretion where the trial court did not accord mitigating weight to the defendant's guilty plea where the defendant's decision to plead guilty was pragmatic); Gillem v. State, 829 N.E.2d 598, 605 (Ind. Ct. App. 2005) (holding that the trial court did not abuse its discretion in according no weight to the defendant's guilty plea where the defendant did not plead guilty until two years after his offense, thus causing the State spent significant time and resources on the case), trans. denied; Gray v. State, 790 N.E.2d 174, 177-180 (Ind. Ct. App. 2003) (finding no abuse of discretion where the trial court accorded no weight to the defendant's guilty plea).

3. Summary
In summary, the trial properly declined to extend mitigating weight to Smithers' remorse and guilty plea and properly considered the nature and circumstances of the crime as an aggravator. However, the trial court abused its discretion by considering the need for rehabilitative treatment and depreciates the seriousness aggravators. Removing these impermissible aggravators, we are left with Smithers' criminal history, which the trial court did not give very much weight; the violation of a position of trust, which would only apply to the child molestation charges and dissemination charge in Cause #194; the nature and circumstances of the crime, which applies to the conspiracy to commit murder in Cause #126; and no mitigators. Given these factors and the record before us,[15] we can say with confidence that the trial court would have imposed the same sentence, even without the improper aggravating circumstances. See McCann v. State, 749 N.E.2d 1116, 1121 (Ind. 2001). Accordingly, there is no procedural error requiring reversal or remand for resentencing, and we affirm Smithers' sentence.
Affirmed.
RILEY, J., and VAIDIK, J., concur.
NOTES
[1] On December 12, 2000, the State initially charged Smithers with Count I, child molesting as a class B felony and Count II, child molesting as a class C felony. On October 4, 2002, the State amended Count I to child molesting as a class A felony and added Counts III and IV. Smithers did not include a copy of the original charging information and the amended charging information from Cause #194 in his Appellant's Appendix. The probable cause affidavit is also not included in the appendix.
[2] A copy of the protective order is not included in Smithers' Appendix, but the chronological case summary indicates that the trial court granted a "Temporary Protective Order as condition of bond." (App. 24).
[3] Smithers also did not include a copy of the charging information or probable cause affidavit from Cause #126 in his Appellant's Appendix.
[4] The plea agreement also contained some provisions about Smithers' status as a sex offender.
[5] Exhibits 1-10 have not been included on the record on appeal.
[6] Although the trial court referred to Smithers conspiring to kill S.M.'s mother, it appears that Smithers was only charged with conspiring to kill S.M. because the factual basis laid during the guilty plea hearing only refers to Smithers conspiring to kill S.M. Again, we note that the charging informations were not included in Smithers' Appendix.
[7] The PSI reveals that in 1997, Smithers was charged in Louisiana with "Felony Theft[,]" "Manufacture of Control Dangerous Substance[,]" and "Possession of Paraphernalia" and that he pleaded guilty to an amended charge of "Misdemeanor Theft" and that the other charges were dismissed. (App. 70, 81).
[8] At the time of sentencing, the presumptive sentence for a class A felony was thirty years with the possibility of twenty years being added for aggravating circumstances and ten years being subtracted for mitigating circumstances. See Ind. Code § 35-50-2-4. The presumptive sentence for a class B felony was ten years with the possibility of ten years being added for aggravating circumstances and four years being subtracted for mitigating circumstances. See I.C. § 35-50-2-5. The presumptive sentence for a class C felony was four years with the possibility of four years being added for aggravating circumstances and two years being subtracted for mitigating circumstances. See I.C. § 35-50-2-6. The presumptive sentence for a class D felony was one and one-half years with the possibility of one and one-half years being added for aggravating circumstances and one year being subtracted for mitigating circumstances. See I.C. § 35-50-2-7. Our legislature has since amended the sentencing statutes to provide for "advisory" rather than "presumptive" sentences.
[9] For a complete chronology of the motions filed and events that occurred between Smithers' sentencing and the filing of his belated notice of appeal which led to this appeal, see the trial court's Order on Motion to Dismiss Petition for Post-Conviction Relief and Appointment of Counsel for Post-Conviction 2 Proceedings. (App. 58-63).
[10] In the trial court's written sentencing order, when referring to this aggravator, the trial court stated that Smithers had "recently violated the conditions of any probation, parole, or pardon[.]" (App. 131, 135).
[11] Although the trial court did not specifically list the "position of trust" aggravator in its written sentencing order, it is clear from the court's comments at the sentencing hearing that it considered this an aggravator when enhancing Smithers' sentences.
[12] The Indiana Supreme Court had scheduled an oral argument in Gutermuth for November 8, 2006, but the Court vacated the argument and stayed further proceedings in the appeal until the United States Supreme Court issues a decision in Burton v. Waddington, 126 S. Ct. 2352 (2006), a case in which the United States Supreme Court recently granted certiorari on the question of whether Blakely applies retroactively.
[13] As noted above, it appears that the Indiana Supreme Court's decision on this issue will be forthcoming only after the United States Supreme Court issues its opinion in Burton. We note, however, that in Mathews v. State, 849 N.E.2d 578, 589 (Ind. 2006), the Indiana Supreme Court reviewed the sentence of a defendant who had been convicted following a jury verdict in 1994 and had been granted permission to file a belated notice of appeal in 2004. Although it does not appear the defendant raised a Blakely claim, the Court stated, "The [defendant's] sentence was imposed in 1994, long before Blakely . . . and Smylie. . . and is not subject to those cases."
[14] As noted above, the protective order is not included in the record on appeal; however, we assume that it prohibited Smithers from having any contact with S.M.
[15] As noted above, Smithers' record on appeal is missing various pleadings and exhibits. We remind Smithers that, as the appellant, he bears the burden of presenting a record that is complete with respect to the issues raised on appeal. Ford v. State, 704 N.E.2d 457, 461 (Ind. 1998), reh'g denied.