**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Jun 30 2014, 10:05 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**LEANNA WEISSMANN**
Lawrenceburg, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**CHANDRA K. HEIN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| TYRONE R. MCGEE, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 15A05-1311-CR-575 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE DEARBORN SUPERIOR COURT
The Honorable Sally A. Blankenship, Judge
Cause No.15D02-0707-FD-221

**June 30, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**MAY, Judge**

Tyrone R. McGee appeals the revocation of his probation. He argues the court abused its discretion when sending him back to prison for a year and a half because he admitted his lapse and was cooperative. We affirm.

## FACTS AND PROCEDURAL HISTORY

McGee pled guilty to possession of marijuana with a prior conviction, and he was sentenced to 1095 days with 915 days suspended to probation. As a condition of his probation, McGee was not to ingest alcohol or illegal substances and was to keep his probation officer informed of his current address. On February 12, 2008, the court revoked ninety-two days of McGee's suspended sentence because he violated his probation by not reporting as directed.

On July 1, 2008, the State filed a notice of probation violation that alleged McGee failed a drug screening and did not notify probation of his current address. A warrant was issued for his arrest, but McGee was not arrested until October 2013. McGee admitted violating probation and the trial court revoked 550 days of his suspended sentence.

## DISCUSSION AND DECISION

McGee alleges the court abused its discretion by revoking 550 days of his probation. When reviewing a revocation decision, we consider only the evidence most favorable to the judgment without assessing credibility of the witnesses. *McHenry v. State*, 820 N.E.2d 124, 126 (Ind. 2005). We affirm unless the trial court abused its discretion. *Sanders v. State*, 825 N.E.2d 952, 956 (Ind. Ct. App. 2005)*, trans. denied*.

McGee admitted his violation, and "[p]roof of a single violation of the conditions of

2

probation is sufficient to support the decision to revoke probation." *Bussberg v. State*, 827 N.E.2d 37, 44 (Ind. Ct. App. 2005), *trans. denied*. On finding a defendant violated his probation, the trial court may "order execution of all or part of the sentence that was suspended at the time of initial sentencing." Ind. Code § 35-38-2-3(g)(3).

McGee has an extensive criminal history that includes felony convictions in multiple states. After he failed a drug test in 2008, he evaded law enforcement for five years, during which he committed additional crimes in Arkansas. In addition, this was McGee's second violation of his probation and both violations involved keeping the probation department notified of his whereabouts. As the trial court has the discretion to consider how McGee's sentence would be best served, we hold the trial court did not abuse its discretion by revoking McGee's probation. *See Kirby v. State*, 746 N.E.2d 440, 443-44 (Ind. Ct. App. 2001) (stating the trial court is entitled to consider where defendant's sentence would best be served), *trans. denied*. Accordingly, we affirm.

Affirmed.

KIRSCH, J., and BAILEY, J., concur.